This next case is case number 4-16-0142. People v. Michael B. Jackson. Appearing for the appellant is attorney Laura Bowser. Is that how you pronounce your last name? Laura Bowser. Thank you. And for the appellate is attorney James Ryan Williams. Good morning. Ms. Bowser, are you ready to proceed? Good morning, Your Honors. Counsel, may it please the Court. I'm Laura Bowser from the State Appellate Defender on behalf of Michael Jackson. Today I would like to focus on the issue regarding Jackson's motion to withdraw his plea, and if time allows, I will briefly move on to the sentencing issue. I respectfully request to reserve three minutes for rebuttal. At issue here is whether the Circuit Court's denial of Mr. Jackson's motion to withdraw his guilty plea was an abuse of discretion because Mr. Jackson had an entrapment defense worthy of consideration. This is not a challenge to the sufficiency of the evidence of the entrapment defense. It's not a question of whether the entrapment defense would have been successful. It's a question of merely whether Jackson presented the slight evidence necessary or he should have been allowed to present this case to the jury. Because Jackson filed a timely post-plea motion to withdraw his guilty plea, raising this entrapment defense, the issue is fully preserved for this Court's review pursuant to Supreme Court Rule 604D. Looking at the standard that our Supreme Court says we apply to motions to withdraw guilty pleas, the Court has identified four permissible bases to withdraw a plea of guilty. When it was entered under a misapprehension of the facts or law, if there is a doubt as to the guilt of the accused, or, relevant here, if the accused has a defense worthy of consideration, or whether the ends of justice would be better served by submitting the case to a trial. In addressing that standard, the Court has said that when even the least bit of influence may have caused the defendant to plead guilty, or where he has any defense at all, the Court should permit the defendant to change his plea to not guilty. The Court has recognized that while this is a matter that's within the discretion of the trial court, because the law favors a trial on the merits, such discretion should be exercised liberally, and any doubt should be resolved in favor of trial. Here, the timely post-plea motion sought to withdraw the plea on one of the recognized bases that Jackson had a defense worthy of consideration. So this is not a case where Jackson was simply unhappy, had buyer's remorse, didn't like his sentence, and was just hoping for leniency at trial. He filed a timely motion on the recognized grounds seeking to withdraw his plea. This Court should therefore find that the Circuit Court abused its discretion in denying that motion. There are two problems to an entrapment defense. Whether the State improperly induced the defendant to commit the crime, and second, whether there was a lack of predisposition on the defendant's part to commit the crime prior to the involvement of the State agent. Rather than evaluating these two questions under the standards I just discussed, about whether Jackson presented some evidence such that this case should have been allowed to go to the jury, the Court's comments make it clear it was ultimately ruling on whether it believed that the defense was meritorious, whether it believed that the entrapment defense had been proven. And the Court basically concluded it would have rejected the entrapment defense. However, that analysis is premature at this stage, where the Supreme Court has stated that the possibility that a defendant might be found guilty at trial is not a sufficient reason to deny him the opportunity to present any defense he might have. He wasn't denied that opportunity. To present that evidence at a trial, is what the Supreme Court said. He wasn't denied that opportunity. He didn't have a trial, Your Honor, so I'm not sure. No, but he had a discussion with his attorney and concluded, based upon what his attorney advised him, that there was no point in using that defense. So nobody deprived him of it. He decided. And based on what his attorney told him, and the trial court later concluding that it was pretty clear he did this as a favor and to assist the friend, or the landlord, in effect, that there was no entrapment defense. And again, I think that was the Court prematurely reaching the merits. But turning to the first point about counsel advising him, we're not raising an effectiveness claim here. You know, a misapprehension of the law or the facts is a separate basis that the Supreme Court has identified, which would allow a defendant to withdraw his plea. So we're not arguing that he misapprehended the facts or the law here. We're arguing that there was a basis for him to be able to present his defense. So I think the issue of counsel's effectiveness has gotten mixed up here, but this isn't an ineffectiveness claim. He's not raising this in post-conviction proceedings, saying, you know, after I spent time in jail, I did some reading, and I think my attorney should have raised entrapment. He's within the 30-day timeframe to withdraw a plea. He's under one of the recognized bases that he had a defense worthy of consideration. But it's a separate question than whether counsel misadvised him or, you know, this was erroneous. So, you know, we do have a rule that allows the withdrawal of pleas within 30 days under these specified grounds. So when the court did make the ruling on the entrapment, as I mentioned, I don't believe he abused his discretion and didn't apply the low standard he should have applied for. It's simply the question of, is there a defense here that he should get to present to the jury? The defendant only needs to present against slight evidence to get an instruction on entrapment. And here he presented slight evidence that he was induced, and this only took place after he was approached by a government informant. So, you know, the slight evidence he produced on the inducement prong is that, you know, obviously Mr. Jackson had a drug problem. He was a cannabis user. He used cocaine. But there was no evidence in the record that he had ever been involved in heroin, that he knew anything about heroin, or that he would have gone out and tried to do his roommate a favor and sell heroin, but for the involvement of this confidential informant. There's simply nothing saying that, you know, oh, I'm just going to help my buddy out until he was approached by this informant. So he also produced slight evidence on his lack of predisposition to do this prior to the informant's involvement. You know, the parties in the briefs have, you know, gone through the factors and how we believe they should be weighed. I would point out that, you know, again, with the slight evidence deciding affirmatively that it goes one way or the other, other is premature at this phase. A lot of the factors talk about familiarity with drugs, you know, ability to access drugs, but I think that there can be a question about whether someone who has smoked cannabis in the past is automatically going to make the jump to delivering heroin. Familiarity with one kind of drug does not necessarily mean I'm just going to go out and deal with any sort of drug, and that I think is evident by the fact that Mr. Jackson has absolutely no heroin involvement in his history, and the State was unable to point to anything to the contrary. What's your best case for asserting that this becomes a reason to withdraw the plea when the defendant has been informed of the defense, has discussed the defense, and has decided with counsel not to use the defense, possibly decided not to because it's not going to be successful, or he believes it's not going to be successful, and his attorney's objective belief is that it's not going to be successful, that that is a basis for withdrawal of a guilty plea? Well, there's not a lot of case law on the, you know, worthy of defense, you know, prong of this, but I would, again, just point to the plain language of what the Supreme Court has said amounts to a valid basis to withdraw a plea. A doubt of guilt, a misapprehension, those are different things than I have a defense that I should be allowed to present. I have a defense that involves government involvement in setting up a crime. There's no actual third party here looking to buy drugs. This is all government agents. Justice should allow him to be able to present that case to a jury. So there's not a lot of, you know, case law specifically talking about what that fourth prong that the Supreme Court has kind of talked about is, the prong about just basically the ends of justice will be better, you know, better served by allowing him to submit it to the jury, but I would posit that this is that kind of case. It's not foreclosed as a matter of law that using drugs mean you're going to deal drugs. He did want to raise the entrapment defense, and, you know, his attorney said I don't think it's a good defense, but the Supreme Court has also said where even the least bit of influence has caused the defendant to plead not guilty. That's the kind of situation where we should allow them to withdraw the plea. Again, if there's a timely filed motion and it's on a recognized ground. So this isn't, again, someone's coming back years later saying for the first time I've discovered entrapment. I want to withdraw my plea now. This has always been, you know, part of what he wanted to do in this case. So again, I would just point out that I do think it's something that a jury should be able to decide whether that, you know, those factors that, you know, this man is a drug addict who lives with a drug dealer but has never ever used heroin or attempted to go out and deliver heroin before, whether, you know, those factors that, you know, show a predisposition prior to this agent's involvement in his case. Briefly touching on the sentencing issue, Mr. Jackson should be allowed to have a new sentencing hearing where the court here relied on two aggravating factors that are specifically already found in the offense. The courts found that Mr. Jackson was compensated for dealing drugs, specifically heroin, and that it causes harm to society. So, you know, this court has held that you can't rely on factors inherent in the offense in sentencing a defendant even when there's a recommended cap here because these are improper factors. So in addition to the facts... May I interrupt you just for a moment? We have the trial court's comments both at the time of the sentencing hearing and then at the hearing on the post-plea motion, right? Is defendant's claim of sentencing error dependent on this court's consideration of the court's comments at the post-plea hearing? I think that it should be considered because, you know, this is the court explaining why he gave the sentence in the first place. So I think it expands on his reasoning for giving the sentence in the first place. And I don't know that there's any substance to this concern, but should a reviewing court consider comments that are made by the trial court at the post-plea hearing when the focus is on what weight did the trial court give certain factors at the time of the sentencing hearing? So, you know, comments made at a post-plea hearing might explain away maybe some comments the trial court made at the sentencing hearing or, as in this case, might further reflect weight given to an improper sentencing factor. So what should a reviewing court do in looking at comments made at a post-plea hearing by the trial court? You know, I'm not aware of any case off the top of my head, you know, making this distinction, but I would point out that when you're asking a court to review its sentence, anything that the court says as to why it gave a sentence or why it believes a sentence was proper is reflecting the court's state of mind. So if, in this case, the trial court at the time of the post-plea hearing explained away some comments that it had made at the sentencing hearing, would you be saying we should disregard these after-the-fact Monday morning quarterbacking type comments made at the post-plea hearing? Yeah, I do think that would be important. I mean, if the court said something improper, it was brought to the court's attention, and the court said, that's not how I meant it, I didn't mean to have it be considered this way. And I do think we have to consider the court clarifying its own comments, yes. You would, in that situation, think that it's fair game, those comments are fair game? Yes. Okay. So it works both ways. It does. The judge can explain it away or he can make it worse. Right. I mean, if he's clarifying what his thinking was in response to an allegation that he relied on something improper, you have to trust that that's what the judge was thinking. He says that's what he was thinking. So I do think, yes, you'd have to weigh what he says either way. And I would just point out, in addition to saying, yes, this defendant was compensated for this crime, relying on the fact that drug delivery is dangerous, which is also inherent in the offense of drug delivery, the court also made a point that it was specifically giving him more time because this was heroin rather than another type of drug. But, again, that's something that the legislature has already considered when sentencing the ranges for all these various drugs and these various amounts. And this is a very technical statute, several different subparts. So to consider, again, the kind of drug and the amount of drugs that Mr. Jackson had is another example of the court wrongly considering something that has already been considered by the legislature in setting the range for the offense. Did you want to tell me any other questions? I don't see any. Thank you. Thank you. Mr. Williams. May it please the Court, Counsel. My name is James Ryan Williams, and on behalf of the State's Attorneys Appellate Prosecutor, it is my privilege to represent the people of Illinois for this Honorable Court. With respect to the defendant's first argument regarding the entrapment defense, the State's initial position here would be that the defendant has waived this defense. As Your Honors alluded to, the defendant was aware of this defense. The defendant discussed this defense with his trial attorney and thereafter made a knowing, voluntary, and strategic decision to plead guilty and in that way waive the defense. And I'll note that pursuant to his guilty plea, the Class 1, Count 1, Count 1 was amended from a Class 1 felony to a Class 2. Additionally, Count 2, which was also a drug felony, was dismissed pursuant to the plea. Then the defendant, apparently displeased with the sentence that he, at one point in time, actually agreed to and initialed, turns around and attempts to withdraw his guilty plea on the very defense that he knowingly waived in making that guilty plea. And as Counsel stated, they're not making an ineffectiveness claim here, and frankly, that seems like really the flaw in the argument here. He's essentially coming to court and not challenging the advice his attorney gave him, essentially agreeing that that was good advice, but nonetheless attempting to withdraw his guilty plea on the basis of what was apparently good advice. And the State's position is that this Court should just simply not allow this sort of gamesmanship, again, especially in the absence of an ineffectiveness claim. My next point would be, it seems that the defense is conflating the concepts of waiver and forfeiture here. They're arguing that the issue is preserved. He's arguing that he didn't waive this defense in electing to plead guilty after receiving this advice because he preserved it in a post-trial motion. But waiver is the intentional relinquishment of a known right, and that is precisely what we have here. He knew of the right or the ability to potentially waive an entrapment defense, knowingly forgoes that in pursuit of what was a plea strategy. And by the way, at the sentencing hearing, counsel actually, consistent with that plea strategy, made reference to some argument that the defendant was induced to be here. And again, Count 1 was amended, Count 2 was dismissed, and so the State's position is that this issue is waived for the purposes of appeal. And counsel made a couple of references to the slight evidence standard. Frankly, I'm not certain, I don't recall in the briefing that this is necessarily the applicable standard at a hearing on a motion to withdraw. Now, in the event that this Court doesn't find that this issue has been waived, then of course the merits need to be addressed. And there's a little bit of confusion in the briefing, I think, with respect to the applicable law. The Illinois Supreme Court, as cited in my brief, to be clear, the Illinois Supreme Court explained in a case called People v. Placek in 1998 that it's the defendant's burden to prove both, that the State induced him to commit the crime, and that he lacked the predisposition to do so. In counsel's reply brief, there's a complaint that I didn't clarify why this analysis controls over Poulos, I believe that's how it's pronounced, a 1990 First District case. So again, I would just clarify that the case I'm relying on for that proposition is a 1998 Supreme Court case, so it would certainly control. With respect to that, there's also a suggestion that I was relying on a Second District case, People v. Bonner, and there I would just clarify that I was simply pointing out that the case that the defense relies on for this burden-shifting standard actually itself clarifies that you have to, as the defendant's burden, to prove both inducement and lack of predisposition. Now, with respect to inducement, I would first note that the defendant initially in his appeal concedes that, and I quote, the thing that induced him was this feeling of indebtedness to his apparently very generous roommate. Now, in reply, the defendant tries to backpedal this and argues that the thing that induced him is more relevant to the analysis of his predisposition rather than inducement, but the State would disagree and submit that his admission of the thing that induced him is most relevant to the inducement analysis. And here, the defendant argues that he was induced to commit this crime because in the couple of weeks before his arrest, at one point in time he says once or twice, and I think he subsequently says two or three times, but in any event, a couple of times, the informant asked him to get drugs for him. So they're basically arguing that this is badgering. And in support of that argument, the defendant relies on two cases, People v. Fisher, People v. Day, and in both of those cases, the court did find the entrapment offense was applicable, but there it was because the defendant repeatedly rebuffed the informant's multiple attempts to get drugs. Now, here, what the fundamental difference is, is we don't have a defendant who's repeatedly rebuffing. By his own explanation, he was simply unable to get the drugs. And there's a fundamental difference between a mere inability to get the drugs at a time and an unwillingness to do so generally. And as I argue in briefing, the defendant even admits at the hearing on the motion to withdraw that when the informant came to his house on the day in question, the informant asked, can you still get me the heroin? Suggesting that on one or more, perhaps, of these prior occasions where they discussed getting heroin, he had indicated a willingness to do so. So I just don't think that it's fair to argue that he's been badgered into committing this crime when he's apparently, first of all, there's one or two, possibly three instances of asking, and on at least one of those prior occasions, he's indicated a willingness to do so. So what we have here is just simply the State providing an individual the opportunity to commit a crime and the individual doing so. With respect to the predisposition to commit the crime, the defendant advocates a position here, essentially requiring the State to prove that an individual not only had a predisposition to sell a very particular drug, but also a predisposition to sell to a particular person. And so I would just note, I mean, the crime here is delivery of a controlled substance, but the defendant here typically dealt with cocaine as opposed to heroin. I just don't think that that eliminates a predisposition. In any event, he's exhibiting a predisposition to deal in drugs, and that's evidenced by a multitude of factors. He has seven prior convictions, all but one of which are for drug-related crimes. He's previously served a prison sentence for a drug-related crime. And in fact, at the time of this offense, he was actually on probation for a drug-related crime. He had actually, I think he was five months into probation. And despite being on probation, he admits that he is a regular user of cocaine, and in fact, was having a hard time paying for this expensive habit, which was in part what, you know, motivated him to utilize the opportunity the states provided for him here. Again, as he admits, he says that the informant, his friend, was aware that he was having financial difficulties, approaches him and says, I know a way that you can make some money. And according to the defendant's own admissions, his response to that was that he would, he took it upon himself to go get the drugs. So I'm just not seeing how there's an entrapment defense here. Additionally, there's a second. I don't want you to run out of time here without addressing the sentencing issues. So just bookmark where you're at with that argument right now and address sentencing, because Ms. Bowser points out two factors that, as she has argued, the trial court considered as factors in aggravation when they were factors inherent in the offense itself. And I'd really like to hear what your argument is as to why those two factors were not inherent to the offense. Yeah, I'd be happy to move on, Your Honor. So first of all, to your point, I would agree with counsel that it does seem like there is a bit of unclarity somewhat in the case law with respect to your concern about whether the court, whether this court can consider court's subsequent discussion of his or her reasoning. To that end, I would point that, if I recall correctly, I believe there's a general notion of law that in determining the, whether the court relied on an improper factor, that the appellate court is to review the entire record. I can't say that that necessarily would include something subsequent. And I will note that this is cited in the briefing, just to be clear. I don't know that that would necessarily include, this is something I somewhat overlooked, but I don't know that that would necessarily include a subsequent clarification. But it sure seems like it would. I mean, here we're at a motion to reconsider the hearing and the judge is clarifying his sentencing basis. Beyond that, I would initially note with respect to the sentencing error that these are admittedly forfeited. There was no objection, not raised in the post-trial motion. I don't actually believe that there's error here, so I don't believe that this court should reach it as a matter of plain error or find that counsel was ineffective. So, with respect to the consideration of compensation. So, our Supreme Court explained in a case called People v. Conover, and this court addressed it somewhat in a case, People v. Rios in 2011, that there's a difference between considering the proceeds incident to the crime, that being the actual money you get for the exchange, and actually considering compensation for committing the crime. Now, most drug cases, I would submit, probably involve the proceeds incident to the crime, in which case the court's not supposed to consider that. Here, however, we have a defendant, as the trial court explained, we have a defendant who is actually tangibly compensated for committing these crimes beyond the proceeds. As he admits, his roommate was providing him with food, housing, and a steady supply of drugs. I'm not aware of any case law that says compensation is related to money compensation, and it would seem that getting drugs for doing this favor, that seems like he's being compensated. So, in that way, first of all, it would seem that it's proper for the court to consider compensation for that purpose. Even if that was somehow improper, the court is nonetheless allowed to consider compensation for other purposes related to the underlying motive, the likelihood of committing a similar crime in the future, and the need to deter others. Here, the court referenced the need to deter others in literally the following sentence after he made reference to the compensation at the sentencing hearing. And then in the sentence immediately after that, the court makes reference to the defendant's unemployment status, his drug addiction, and his criminal history, all of which relate to the motive for committing the crime, and the likelihood of committing similar crimes in the future. So, for that reason, I would submit that it's otherwise proper for the court to consider compensation in the way that it did here. Even if that's all improper, I would nonetheless submit that the weight that the court put on this compensation factor, which I believe was literally actually just part of a single sentence, was so insignificant that it did not lead to a greater sentence. The overwhelming majority, I may be mistaken, I'm going off my recollection here, but I believe that two of perhaps the three transcript pages devoted to his sentencing justification were devoted to the defendant's criminal record, which the court described as impossible to overlook. That's a quote. So what about the other factor to which the trial court spent a considerable amount of time at the post-plea hearing addressing? The offense threatened serious harm. With respect to harm, first of all, I would note that I don't believe that the court here actually considered this an aggravation. The defense attorney actually explicitly argued, Your Honor, you can't consider this an aggravation. The judge, in rendering his sentencing decision, says, I recognize that, I understand I can't consider that an aggravation, and I'm not. Specifically disavowing any reliance on this. Now, admittedly, the court later says, and I quote, the sentence is necessary to deter others. The delivery of drugs into our society is very serious. It's very harmful. So there the court is not considering that an aggravation. The court is considering that specifically with reference to the need to deter others. I think there can be little dispute that the delivery of heroin into our society indeed needs to be deterred. And second, even if this court finds that the trial court considered this improperly an aggravation, or excuse me, considered it an aggravation, I would otherwise submit that in fact that this is perhaps proper. Because here it's a somewhat unique circumstance where the defendant is being sentenced under the catch-all provision of the Controlled Substance Act, which covers undefined quantities of numerous controlled substances. So unlike the sections that prescribe a particular sentencing range for a particular drug in a particular amount, where upon the basic idea that the court can't consider something inherent in the crime, that's the underlying justification for that law. But here the General Assembly has not already considered the danger of heroin relative to these other drugs, because again we're dealing with a catch-all provision. So the judge is sentencing an individual for violating a section of the Controlled Substance Act that applies to all drugs. And in that way the state would submit that it is not improper for the court to consider the particular dangers of heroin relative to other controlled substances. And unless there are any further questions, the state would respectfully ask this court to affirm the judgment of the trial court. Thank you, Mr. Williams. Ms. Bowser, rebuttal argument? Your Honor, with respect to the sentencing issue, the state just argued that yes, the court did consider compensation, but he considered it for all these other things, and it wasn't actually considered for compensation. But then he says, oh, but actually he just said it was this one line. The court is listing the factors that it considers, and it says the defendant did receive compensation for committing the crime. He was selling drugs. I think that's him considering compensation. And as noted, the court said the delivery of drugs into society is very serious. It's very harmful. That's considering harm. The court also said it gave him more time because of the substance, that being heroin. That is considering heroin, which is already in the catch-all section. The state is arguing, I believe, that because this is in the catch-all section, because it's a lower amount, that means the legislature didn't consider heroin, but it did. It could have found that amount of heroin to be different than the other drugs in the provision. The notion that the legislature didn't consider heroin as one of these catch-all drugs, that doesn't make a lot of sense to me. I do think the court relied on all three of those things explicitly in sentencing Mr. Jackson. And then just briefly returning to the entrapment issue, I think that the state here is presupposing what I think is actually the question before this court. It's jumping in and wants to litigate the underlying defense rather than whether the court properly made the proper threshold determination. And it says that the defendant has the burden to prove it. The cases say that the defense has to introduce some evidence, and then it's the state's burden to disprove it. That's at trial. That's when we're ultimately dealing with the entrapment defense. This isn't a sufficiency challenge, again. And I think that the fact that the state wants to jump forward and ultimately litigate the defense is evident from the fact that it doesn't address any of the Supreme Court cases talking about the proper basis for withdrawing a plea, one being a defense worthy of consideration. And that's distinct from if there's doubt of guilt of the accused. So the Supreme Court wouldn't have said the second portion about has a defense worthy of consideration if you had to prove the defense in order to get the defense to go to trial. So I think because there's language, making a distinction between if there's a doubt as to the defendant's guilt versus whether he has a defense worthy of consideration doesn't have to prove it at that phase to be allowed to present it to a jury. So I do think that the question of the standard that you have to present in order to be able to withdraw the plea is the open question that this Court needs to set aside. And I think we do that by looking at the Supreme Court cases talking about withdrawing pleas and, of course, Rule 604D, which the State completely ignores in arguing that this is waived and that this Court can't address it. The language there makes clear exactly what you need to do to present something on appeal is present it in a 30-day sentencing. So again, looking at those two things together, I think this Court does need to make a determination of how much evidence must be shown based on what our Supreme Court has said about these sort of motions. Thank you. Thank you both. The case will be taken under advisement and a written decision shall issue.